IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DOUG FREDERICK, *as personal representative of the estate of Edeltraud Kron*,<br><br>Plaintiff,<br><br>vs.<br><br>BILLINGS PARTNERS, LLC, *d/b/a* Canyon Creek Memory Care,<br><br>Defendant. | CV 21-07-BLG-SPW<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

Plaintiff Doug Frederick, as personal representative of the estate of Edeltraud Kron (the "Estate"), brings this action against Billings Partners, LLC, doing business as Canyon Creek Memory Care ("Canyon Creek"), asserting a claim for wrongful death and survivorship based on Canyon Creek's alleged negligence. (Doc. 1.) Before the Court are U.S. Magistrate Judge Cavan's Findings and Recommendations regarding Canyon Creek's Motion for Summary Judgment (Doc. 21). (Doc. 42). Judge Cavan recommends that the motion be granted in its entirety and the matter be dismissed. (Doc. 42 at 14). The Estate timely filed objections to the magistrate's recommendation. (Doc. 43). Canyon Creek filed a response to the objections and additionally moved to strike the

1

objections for failure to comply with Federal Rule of Civil Procedure 72(b)(2). (Doc. 46 and 44). For the following reasons, the Court adopts Judge Cavan's Findings and Recommendations and grants Canyon Creek's Motion for Summary Judgment. Canyon Creek's Motion to Strike is denied.

## I.   Background

The Estate brings a claim for wrongful death and survivorship against Canyon Creek based on two instances of alleged negligence: Canyon Creek's failure to maintain Kron's oral hygiene and failure to monitor Kron's urine and blood glucose levels. Canyon Creek asserts that the Estate cannot establish a wrongful death claim because the Estate has not provided any expert testimony establishing a causal link between the alleged breaches and Kron's death.

Judge Cavan agreed that expert testimony is necessary to establish the relevant standard of care and additionally required to show that, more likely than not, the alleged wrongdoings caused Kron's death. (Doc. 42 at 6-7). The Estate provided two experts. Channa Kelly, a nursing home administrator, opined that Canyon Creek fell below the standard of care by failing to provide for adequate oral hygiene, resulting in Kron's tooth decay and weight loss, and by not notifying Kron's family of elevated sugar levels in her blood and urine. John Addison, M.D., opined that Canyon Creek had a duty of care to notify Kron's healthcare power of attorney of changes in her medical condition. Dr. Addison additionally

2

opined that Kron's frequent urinary tract infections were her biggest immediate threat, which were in part due to the elevated sugar levels in her urine, and that treating Kron's diabetes with insulin or oral agents would have been appropriate. Judge Cavan noted that Dr. Addison did not state that the treatment of Kron's diabetes fell below the standard of care. (Doc. 42 at 9).

Judge Cavan concluded that this expert testimony was insufficient for the Estate to meet its burden. He concluded that the Estate had not established that any violation of the standard of care was a cause of Kron's death. (*Id.* at 10). Judge Cavan rejected the Estate's assertion that expert testimony was not required because starvation is an issue within the common experience of laypersons. He concluded that, given Kron's various and multifaceted health problems, it would be impossible for a layperson to determine which condition or set of conditions caused or contributed to Kron's death without expert testimony. (*Id.*).

## II. Legal Standards

Litigants are entitled to *de novo* review of those findings or recommendations to which they object. 28 U.S.C. § 636(b)(1). When neither party objects, this Court reviews a magistrate's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). A party makes a proper objection "by identifying the parts of the magistrate's disposition that the party finds objectionable and

3

presenting legal argument and supporting authority such that the district court is able to identify the issues and the reasons supporting a contrary result. *Lance v. Salmonson*, 2018 WL 4335526 at *1 (D. Mont. Sept. 11, 2018). A district court, when conducting review of a magistrate's recommendations, may consider evidence presented for the first time in a party's objections, but it is not required to. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002).

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "material" only if it could affect the outcome of the suit under the governing law. *Id.*

In considering a motion for summary judgment, the Court "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 130, 150 (2000); *Anderson*, 477 U.S. at 249-50. The Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in the non-moving party's favor. *Anderson*, 477 U.S. at 255; *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020-21 (9th Cir. 2007).

## III. Analysis

*A. The Estate's First Objection*

The Estate makes two specific objections to Judge Cavan's Findings and Recommendations. It first objects that the testimony of Dr. Addison and Kron's treating physician, Dr. Larry Severa, sufficiently links Canyon Creek's alleged failure to notify the family of Kron's elevated sugar levels to her death. (Doc. 43 at 2). The Estate argues that Dr. Severa's statement to Kron's family members on January 19, 2020, that she would probably recover if insulin therapy was administered is sufficient expert testimony to allow the case to proceed to trial. (*Id.* at 3). The Estate argues that Judge Cavan erred by not considering this evidence.

Setting aside potential issues regarding whether Dr. Severa has been properly noticed as an expert by the Estate and whether the hearsay statement of Dr. Severa would be admissible, Dr. Severa qualified his statement during his deposition, stating that "it is possible" Kron would have recovered with insulin therapy. The Estate urges the Court to consider this statement to mean that Dr. Severa would opine that it is more likely than not that Canyon Creek's alleged wrongdoing caused Kron's death.

The Montana Supreme Court has made clear that, under Montana law, expert testimony regarding causation must rise to at least a "more likely than not"

standard. *Hinkle v. Shepherd Sch. Dist. #37*, 93 P.3d 1239, 1246 (Mont. 2004) (citing *Butler v. Domin*, 15 P.3d 1189, 1192 (Mont. 2000)). Speculative statements, such as might have, may have, or could have, do not meet this standard and are not sufficient to create an issue of fact regarding causation to prevent summary judgment. *Butler*, 15 P.3d at 1192; *see also Wise v. Rust*, 2010 WL 4929189, at *11-12 (D. Mont. 2010). Dr. Severa's statement that "it is possible" that Kron would have recovered if administered insulin therapy plainly does not meet the standard under Montana law.[1]

The Estate also argues that Judge Cavan did not give proper weight to Dr. Addison's statement that earlier diabetes treatment would have been appropriate, contending that his testimony clearly indicated that Kron would have lived longer with earlier treatment. (Doc. 43 at 5). This inference is not reasonable. Stating that Kron's glucose levels were too high and that treatment would have been appropriate and may have reduced the risk of urinary tract infections is not an opinion that, more likely than not, the failure to notify the family of the elevated glucose levels caused Kron's death. It is not, as the Estate contends, "clearly indicat[ing] that she would have lived longer than she did." (Doc. 43 at 5). To survive summary judgment as to causation on an issue such as this where expert

---

[1] Additionally, as Canyon Creek points out, even this opinion does not necessarily create a causal link between Canyon Creek's failure to notify family members of Kron's elevated blood and urine sugar levels and her death because any evaluation or treatment would be administered by Dr. Severa, not Canyon Creek. Dr. Severa has stated that he did not consider the elevated urine glucose levels in 2019 to rise to an emergency or require treatment.

testimony is required, the nonmoving party must provide an expert opinion stating that it is more probable than not that the alleged breach caused the wrongful death. *Kostelecky v. Peas in a Pod, LLC*, 518 P.3d 840, 853 (Mont. 2022). The Estate has failed to meet that burden here. Judge Cavan correctly determined that summary judgment is appropriate.

*B. The Estate's Second Objection*

The Estate's second objection is that Judge Cavan incorrectly determined that expert testimony is necessary regarding the causal relationship between Kron's oral hygiene and weight loss and her death. (Doc. 43 at 6). The Estate argues that a lay witness can provide testimony linking Kron's alleged starvation and failure to be provided a soft food diet to her death. (*Id.*).

Expert testimony as to causation is required when the nature of the injury is such that laymen cannot plainly see or infer its cause. *Cain v. Stevenson*, 706 P.2d 128, 131 (Mont. 1985). First, starvation and malnutrition are complex medical issues that go beyond mere loss of weight, likely putting the issue of starvation-caused death beyond the scope of a layperson. Even if they weren't, it is beyond a layperson's capacity to determine the cause of Kron's malnutrition. Beside the alleged dietary shortcomings, Judge Cavan noted that dementia and diabetes both

may cause rapid weight loss at the end of life.[2] (Doc. 42 at 10). The Court agrees with Judge Cavan that whether Kron was experiencing starvation as a result of alleged failures to maintain her oral hygiene and whether starvation or malnutrition caused Kron's death requires expert testimony because the issue is beyond the scope of a layperson. The Estate has not provided any expert testimony on this issue and therefore cannot meet its burden to defeat summary judgment.

*C. Canyon Creek's Motion to Strike the Estate's Objections*

Lastly, Canyon Creek moves to strike the Estate's objections for non-compliance with Fed. R. Civ. P. 72(b)(2), for failing to provide a transcript of the motions hearing held by Judge Cavan. (Doc. 44). Firstly, the hearing was merely oral argument; there was no testimony that this Court would need to be aware of to properly consider the matter. Second, the Estate has since filed the transcript, rendering the issue moot. The motion to strike is denied.

**IV. Conclusion**

IT IS ORDERED that the proposed Findings and Recommendations entered by Judge Cavan (Doc. 42) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that:

---

[2] The Estate argues that this ruling will prevent any person with co-morbidities from surviving summary judgement, but that is not the case. In this instance, the Estate has plainly failed to provide any expert testimony linking the alleged breach to the damages, as required in every negligence action. A plaintiff is not required to rule out all possible causes, as Plaintiff suggests will be the case under this ruling, but is required to provide an expert opinion that it is more probable than not that the alleged breach caused the alleged injury.

1. Canyon Creek's Motion for Summary Judgment (Doc. 21) is GRANTED;

2. Canyon Creek's Motion to Strike (Doc. 44) is DENIED.

3. As no remaining issues exist, the Clerk shall enter judgment in favor of Canyon Creek and close the matter.

DATED this 16th day of March, 2023.

                                          SUSAN P. WATTERS
                                          United States District Judge